**WO**                                                                           SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Edward Vincent Ray, Jr.,                    )    No. CV 13-0088-PHX-GMS (SPL)
                                            )
      Plaintiff,                             )    **ORDER**
                                            )
vs.                                         )
                                            )
James MacDonald, et al.,                    )
                                            )
      Defendants.                            )
_____       )

     Plaintiff Edward Vincent Ray, Jr., who is a California inmate confined in the La Palma Correctional Center (LPCC)[1], a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and

---

[1] LPCC is a California Out-of-State Correctional Facility (COCF) under California's COCF program to relieve overcrowding in California state prisons. See Washington v. Adams, No. 1:09cv0827, 2012 WL 113743, at *1 n.3 (E.D. Cal. 2012); Martinez v. Brown, No. 08cv0565, 2011 WL 1130458, at *5 n. 6 (S.D. Cal. Mar.25, 2011); MacCharles v. Holder, No. C10-3106, 2011 WL 334271, at * 1 (N.D. Cal. Jan. 31, 2011); McDade v. Lea, No. CV10-8889, 2011 WL 282993, at * 1 n.1 (C.D. Cal. Jan. 05, 2011). The COCF program is one in which male California Department of Corrections and Rehabilitation (CDCR) inmates are transferred to out-of-state correctional facilities that have contracted with CDCR to provide housing, security, health care and rehabilitative programming services to CDCR inmates. Cal. Code Regs. tit. 15, § 3000. COCF is a unit within the CDCR-Division of Adult Institutions whose mission is to transfer inmates out of state for the purpose of alleviating overcrowding within existing institutions. James v. Sweeny, No. 1:12cv1704, 2013 WL 129393, at *1 n.1 (E.D. Cal. Jan. 9, 2013). "Inmates transferred to a COCF program facility "remain under the legal custody of the CDCR and shall be subject to the rules, rights and privileges of the CDCR in accordance with [Title 15] of the California Code of Regulations." Id. at 4, n.7 (citing Cal. Code Regs. tit. 15, § 3379(a)(9)(I)).

an Application to Proceed *In Forma Pauperis*.[2]  (Doc. 1, 2.)  Plaintiff also filed a motion for injunctive relief, a declaration, and a motion to expedite his motion for injunctive relief.  (Doc. 4, 5, 7.)  The Court will dismiss the Complaint for failure to state a claim with leave to amend and will deny the motions.

## I.   Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.   Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

---

[2]  Plaintiff indicates that he commenced this action prior to fully exhausting his administrative remedies.  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).  Further, under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies *before* bringing a federal action concerning prison conditions.  See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009).  However, exhaustion is an affirmative defense that may be waived if not raised.  Jones v. Bock, 549 U.S. 199, 212 (2007).  The defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

/      /      /

### III.    Complaint

Plaintiff alleges two counts for violation of his First Amendment mail rights.  Plaintiff sues the following LPCC employees: Warden James MacDonald; Mailroom Supervisor Gary L. Ralston; Donald Justus, Jr.; and Ashlee Pratt.  Plaintiff seeks injunctive, compensatory, and punitive relief.

### Background

Plaintiff (Plaintiff or Ray Jr.) and his son, Edward V. Ray, III (Ray III), each filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the Northern District of California challenging their respective California state convictions.  See Ray v. Cate, No. C-10-1582 (Ray Jr.); Ray v. Cate, No. C-11-1604 (Ray III).  Both were convicted in some of the same robberies, but each was also convicted of offenses for which the other was not.  See Ray, No. C-10-1582, doc. 27.  On December 2, 2011, the District Court for the Northern District of California designated the habeas cases as related.  Id.[3]  Both habeas cases remain pending.

Except as otherwise indicated, Plaintiff alleges, or attachments to the Complaint or the motion for injunctive relief reflect, the following facts: on December 29, 2009, the CDCR authorized, via Form 1074, correspondence between Plaintiff and Ray III.  (Doc. 5, Ex. B.)  At the time, Plaintiff was incarcerated in Solano State Prison in Vacaville, California, and Ray III was incarcerated in the North Fork Correctional Facility in Sayre, Oklahoma.  (Doc. 5 at 3.)  On August 29, 2012, Ray III was transferred to LPCC.  (See Doc. 5, Ex. D.)  On November 6, 2012, Plaintiff was transferred to LPCC, but assigned to a different unit than his son.  (Id.)

On November 19, 2012, Plaintiff submitted an "Inmate/Parolee Request for Interview, Item or Service" (Inmate Request) to LPCC mail room staff.  (Doc. 5, Ex. D.)  Plaintiff

---

[3] Documents filed in Plaintiff's habeas case reflect that Plaintiff was convicted by a jury of 21 counts of robbery on 15 separate occasions between July 12, 2005 and August 27, 2006 and that he was sentenced to more than 38 years in prison.  Id., doc. 59-1 at 11.  Ray III was convicted by a jury of 30 counts of robbery and one count of assault on 21 separate occasions and was sentenced to eight years in prison.  Id.

1   reported that his son was also at LPCC and that he believed that his mail was being mixed
2   up with his son's and asked mail room staff to verify their inmate numbers to avoid mix-ups.
3   (Id.)

4          On December 5, 2012, Plaintiff submitted another Inmate Request to mail room staff.
5   In this Inmate Request, Plaintiff stated that he and his son had been approved to correspond
6   via Form 1074 and that they had an "active pending case," but that he was not receiving mail
7   from his son.[4]  (Doc.  5, Ex.  E.)  Plaintiff asked for an explanation for delays in receiving
8   mail from his son, when they were both held at LPCC, and asserted that LPCC was violating
9   California prison regulations.  (Id.)  About the same time, Plaintiff submitted another Inmate
10  Request to Defendant Ralston's attention in which Plaintiff accused Ralston of violating
11  Plaintiff's constitutional rights by intercepting his mail.  (Doc. 5, Ex. F.)  In a response dated
12  December 7, 2012, Ralston told Plaintiff to submit another Form 1074, which he provided
13  to Plaintiff.  (Id.)  It is unclear whether Ralston knew of the prior approval or whether that
14  approval remained in effect despite Plaintiff's transfer from Solano.

15         On December 10, 2012, Plaintiff filed an Inmate Appeal concerning the Inmate
16  Requests submitted on November 19 and December 5 and 7, 2012.  (Doc. 5, Ex. G.)  On
17  December 19, 2012, Plaintiff submitted an Inmate Request to Warden MacDonald asking
18  why MacDonald had not responded to his Inmate Appeal.  (Doc. 1, Ex. 1; 5, Ex. G.)  In a
19  January 7, 2013 response, MacDonald stated that Plaintiff continued to violate policy by
20  inserting "your son's mail into yours," directed Plaintiff to stop the practice, and warned
21  Plaintiff that he would lose his inmate-to-inmate mail privileges.  (Doc. 1, Ex. 1.)  On
22  January 8, 2013, Plaintiff submitted a request for supervisor review stating that
23  MacDonald's response made no sense and that Plaintiff had been sending his son documents
24  pertaining to their related pending cases.[5]  (Id.)  Although not without ambiguity, MacDonald

25  _____

26         [4] Plaintiff stated that he spoke to family members via telephone and that those family
27  members had been informed by Plaintiff's son that he had sent mail to his father.

28         [5]  Plaintiff referred to the related cases as a "joint case." As noted above, each filed
    separate habeas actions, which were found to be related but not consolidated.  Each case

apparently referred to Plaintiff's inclusion of legal pleadings or filings with his correspondence.

On January 7, 2013, Plaintiff submitted an Inmate Request to D. Doty, which was referred to Ralston.  (Doc. 1, Ex. 3.)  In it, Plaintiff complained that California prison regulations required that mail be delivered to an inmate as soon as possible, but not later than seven days from receipt of the mail.  (Id.)  Plaintiff asserted that his "legal mail" from California had taken more than the seven days to be delivered and asked that the delay in delivery of mail be rectified.  (Id.)  On January 9, 2013, Ralston responded that legal mail was processed every day that it was received, that it had priority, and that it could take 3-5 days to receive mail from the post office.  (Id.)  Ralston also noted that delays before mail arrived at LPCC were beyond LPCC's control.  (Id.)  Plaintiff submitted a request for supervisor review claiming that Ralston was harassing him and disputing Ralston's contention that delays occurred prior to arrival of mail at LPCC.[6]  (Id.)

On January 8, 2013, Plaintiff submitted an Inmate Request to Ralston.  (Doc. 1, Ex. 2.)  In it, Plaintiff stated that he was going to sue Ralston for failing to process mail between him and his son as co-litigants and approved correspondents.  (Id.)  On January 9, 2013, Ralston responded that Plaintiff was violating LPCC's policy for correspondence.  (Id.)  On January 10, 2013, Plaintiff submitted another request for supervisor review.  (Id.)

Plaintiff generally contends that since his arrival at LPCC, correspondence sent by him to his son has been held and returned to him.  He contends that coffee, or some other liquid, was spilled on one piece of returned correspondence, which damaged documents included in the correspondence.  Plaintiff claims that he has not been afforded notice and an opportunity to appeal the "confiscation" of his outgoing mail to his son and that he has not

_____

remains distinct.

[6] Presumably, Plaintiff's outgoing mail to his son still had to be routed through the U.S. Post Office before arriving back at LPCC for delivery to Ray III.  That is, nothing suggests that inmates could correspond with other inmates in the same facility via interoffice mail.

received timely responses to his grievances regarding "seizures" of his mail to his son.[7] Plaintiff also generally alleges that correspondence from his son to him has been seized without notice and an opportunity to be heard or to appeal such seizure.  Plaintiff contends that these acts violate prison regulations and state and federal law.

## IV.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Outlander, 879 F.2d 583, 587 (9th Cir. 1989).  Negligence is not sufficient to state a claim under § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   Justus and Pratt

Plaintiff sues Donald Justus, Jr., and Ashlee Pratt.  Plaintiff fails to allege their connection, if any, to LPCC.[8]  Thus, it is unclear whether they may be properly sued under § 1983, i.e., that they acted under color of state law.  Moreover, Plaintiff fails to allege any facts against either Justus or Pratt.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188

---

[7] Rather than confiscation or seizure, Plaintiff appears to seek relief based on prison officials' return of Plaintiff's outgoing mail back to him.

[8] Plaintiff failed to comply with the Instructions for completing the court-approved form complaint by listing these Defendants and their positions on page 2 of the form complaint.

1  (9th Cir. 2001).   Further, there is no *respondeat superior* liability under § 1983, so a

2  defendant's position as the supervisor of someone who allegedly violated a plaintiff's

3  constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658,

4  691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A supervisor in his

5  individual capacity, "is only liable for constitutional violations of his subordinates if the

6  supervisor participated in or directed the violations, or knew of the violations and failed to

7  act to prevent them."  Taylor, 880 F.2d at 1045.   In addition, where a defendant's only

8  involvement in allegedly unconstitutional conduct is the denial of administrative grievances,

9  the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior

10  does not amount to active unconstitutional behavior for purposes of § 1983.  See Shehee v.

11  Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); accord Proctor v. Applegate, 661 F.Supp.2d 743,

12  765 (W.D. Mich. 2009); Stocker v. Warden, No. 1:07-CV-00589, 2009 WL 981323, at *10

13  (E.D. Cal. Apr. 13, 2009); Mintun v. Blades, No. CV-06-139, 2008 WL 711636, at *7 (D.

14  Idaho Mar. 14, 2008); see also Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir.

15  2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role

16  in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the

17  supervisor defendant somehow encouraged or condoned the actions of their subordinates).

18  Because Plaintiff fails to allege any facts in his Complaint against Defendants Justus and

19  Pratt, they will be dismissed.

20                    **B.       Non-Compliance with Prison Regulations**

21            Plaintiff in part appears to assert claims based on the alleged failure of Defendants to

22  comply with prison regulations in the handling of mail or in connection with his grievances.

23  Plaintiff fails to state a claim on either basis.  "There is no legitimate claim of entitlement to

24  a [prison] grievance procedure."  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); accord

25  Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003).  And non-compliance with prison policies

26  or grievance procedures, absent more, does not rise to the level of a constitutional violation.

27  Id.  Further, California prison regulations do not give rise to protected due process rights.

28

1    Romero v. Katavich, No. 1:11cv0935, 2012 WL 484782, at *11 (E.D. Cal. Feb. 14, 2012).[9]

2    Therefore, to the extent that Plaintiff seeks relief against Defendants for non-compliance with

3    grievance procedures or prison regulations, he fails to state a claim.

4         **C.**    **Legal Mail**

5        Plaintiff in part asserts a violation of his First Amendment mail rights.  Specifically,

6    he asserts that his First Amendment right to send mail to, and to receive mail from, his son,

7    who is also an inmate, has been violated.  Plaintiff refers to the correspondence to or from

8    his son as "legal mail" on the basis that such mail concerns their respective habeas cases.

9        Under the First Amendment, only mail from an inmate's attorney, or prospective

10   attorney, constitutes "legal mail" that, when appropriately labeled, is entitled to greater

11   protection than other mail.  See Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (stating that

12   legal mail must be specifically marked as originating from an attorney).  Plaintiff and his son

13   are each representing themselves in their respective habeas cases and neither is an attorney

14   representing the other.[10]  Therefore, mail from Plaintiff to his son or from his son to Plaintiff

15   does not constitute "legal mail" entitled to greater protection under the First Amendment.

16   Accordingly, Plaintiff fails to state a claim for interference with legal mail.

17

18 _____

19      [9] Explaining that, "Liberty interests may arise from the Due Process Clause itself or

20   from state law. Hewitt v. Helms, 459 U.S. 460, 466-68, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Liberty interests created by state law are generally limited to freedom from restraint which 'imposes atypical and significant hardship on the inmate in relation to the ordinary

21   incidents of prison life.'  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d

22   418 (1995)" (citing Ramirez, 334 F.3d at 860).

23      [10] Although a non-attorney litigant may appear on his own behalf, he cannot represent

24   another litigant; only an attorney may appear on behalf of another person.  See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney has no

25   authority to appear as an attorney for anyone other than himself); Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not

26   conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney."); Simon v. Hartford Life, Inc., 546 F.3d 661 (9th Cir. 2008) (in action brought by

27   pro se litigant, the real party in interest must be the person who by substantive law has the

28   right to be enforced); Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, (9th Cir. 2007).

### D.    Non-Legal Mail

An inmate retains First Amendment rights not inconsistent with his status as a prisoner and with legitimate penological objectives of the corrections system.  See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004).  Thus, an inmate has a First Amendment right to receive mail; however, that "right is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'"  Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005); Morrison v. Hall, 261 F.3d 896 (9th Cir. 2001); Prison Legal News v. Cook, 238 F.3d 1145 (9th Cir. 2001).  A prisoner also has a Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail has been withheld by prison authorities.  Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999).  Nevertheless, jails and prisons may regulate the processing of inmate mail so long as those regulations further an important or substantial government interest other than the suppression of expression.  See Procunier v. Martinez, 416 U.S. 396, 411-12 (1974), overruled on other grounds, Thornburgh v. Abbott, 490 U.S. 401, 412-414 (1989)); Valdez v. Rosenbaum, 302 F.3d 1039, 1048 (9th Cir. 2002) (jail personnel may regulate speech if a restriction is reasonably related to legitimate penological interests and an inmate is not deprived of all means of expression, citing Turner v. Safley, 482 U.S. 78, 92 (1986)).  Thus, jails and prisons may regulate the processing of inmate mail so long as those regulations further an important or substantial government interest other than the suppression of expression.  See Procunier, 416 U.S. at 411-12, 413-14.  "Prevention of criminal activity and the maintenance of prison security are legitimate penological interests which justify the regulation of both incoming and outgoing prisoner mail."  O'Keefe v. Van Boening, 82 F.3d at 326.

### 1.    Damaged Mail

Plaintiff asserts that on one occasion, a piece of his outgoing mail, which contained documents, was returned to him and the documents were stained.  Plaintiff fails to allege any facts to support that the staining was the result of anything other than negligence.  He also

fails to allege facts to connect any Defendant to the staining of the documents. Accordingly, Plaintiff fails to state a claim based on this allegation.

### 2.    Incoming Mail from Plaintiff's Son

Plaintiff contends that prison officials have failed to deliver, or have seized or returned mail from Plaintiff's son to Plaintiff. Plaintiff wholly fails to allege facts to support these assertions. Although *pro se* pleadings are liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. <u>Ivey v. Board of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. <u>Id.</u> Further, Plaintiff's son, rather than Plaintiff, may seek relief for asserted violations of his outgoing mail rights. Accordingly, these allegations will be dismissed.

### 3.    Plaintiff's Outgoing Mail to his Son

Plaintiff primarily seeks relief for the return of outgoing mail to his incarcerated son. Plaintiff contends that several letters to his son were returned to him by prison officials. Attachments to Plaintiff's Complaint and motion indicate that Plaintiff failed to comply with prison or facility-specific rules concerning outgoing mail. California prison regulations provide that "[t]he maximum weight for a First-Class letter is 13 ounces." Cal. Code Regs., tit. 15, § 3133. Further, these regulations provide that an inmate's failure to comply with the law, policies, and regulations, or with "approved facility mail procedures may result in the temporary suspension or denial of correspondence between the persons involved." Cal. Code Regs., tit. 15, § 3132(a).

Plaintiff indicates that he enclosed documents in the mail to his son. (<u>See</u> Doc. 1 at 6) (referring to his right to send "motions, pleadings, evidence and any other legal document to assist each other . . . "). Plaintiff does not allege that the outgoing letters to his son complied with prison regulations concerning the weight, and other requirements, for such mail. But he alleges that letters to his son were returned to him for failure to comply with prison or facility regulations concerning such mail. Plaintiff does not allege that he was

1  otherwise unable to communicate with his son, nor does he allege that he was disciplined for

2  his alleged non-compliance with prison or facility regulations concerning such mail.[11]

3  Because Plaintiff fails to state a claim for violation of his First Amendment rights, Counts

4  I and II will be dismissed.

5  **V.   Leave to Amend**

6        For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

7  a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

8  amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

9  Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

10 to use the court-approved form, the Court may strike the amended complaint and dismiss this

11 action without further notice to Plaintiff.

12       Plaintiff must clearly designate on the face of the document that it is the "First

13 Amended Complaint."  The first amended complaint must be retyped or rewritten in its

14 entirety on the court-approved form and may not incorporate any part of the original

15 Complaint by reference.  Plaintiff may include only one claim per count.

16       A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

17 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

18 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as

19 nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

20 complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

21 565, 567 (9th Cir. 1987).

22 **VI.   Motion for Injunctive Relief**

23       As noted above, Plaintiff has also filed a motion for injunctive relief and a motion to

24 expedite seeking to enjoin Defendants from tampering with his mail to his son.  Plaintiff

25 seeks an injunction until he exhausts prison administrative remedies.

26

27       [11] Plaintiff also asserts a failure to provide postage for his outgoing mail.  However,
28 absent more, that also fails to state a claim because it does not implicate a constitutionally
   protected right.

To obtain injunctive relief, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Am. Trucking Assoc., Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). In addition, the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in Winter. Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Id. (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). That approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. "For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Alliance for the Wild Rockies, 632 F.3d at 1135. A plaintiff must also satisfy the other Winter factors, including the likelihood of irreparable harm. Id. The moving party has the burden of proof on each element of the test. Environmental Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

In addition, a temporary restraining order without notice may be granted *only* if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard" and the movant certifies to the court in writing any efforts made to give notice and the reasons that notice should not be required. Fed.R.Civ.P. 65(b). Further, "[t]he court may only issue a preliminary injunction on notice to the adverse party." Fed.R.Civ. P. 65(a)(1).

As discussed herein, Plaintiff fails to state a claim for violation of his constitutional rights against any Defendant. Moreover, Plaintiff has not set forth specific facts that clearly show that an immediate and irreparable injury, loss, or damage will result before the adverse parties may be heard. Nor has he certified in writing the efforts made to give notice or

reasons why notice should not be required.  For these reasons, Plaintiff's motion for injunctive relief and to expedite will be denied.

**VII.   Warnings**

    **A.   Release**

    Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

    **B.   Address Changes**

    Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

    **C.   Copies**

    Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.   Possible "Strike"**

    Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

/     /     /

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)      Plaintiff's motion for injunctive relief and to expedite are **denied**.  (Doc. 5, 7.)

DATED this 13th day of June, 2013.

G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , )<br>(Full Name of Plaintiff)　　Plaintiff, )<br>　　　　　　　　　　　　　 )<br>　　vs.　　　　　　　　　　 )<br>　　　　　　　　　　　　　 )<br>(1)_____ , )<br>(Full Name of Defendant)　　　　　 )<br>(2)_____ , )<br>　　　　　　　　　　　　　 )<br>(3)_____ , )<br>　　　　　　　　　　　　　 )<br>(4)_____ , )<br>　　　　　Defendant(s).　　　 )<br>☐ Check if there are additional Defendants and attach page 1-A listing them. ) | **CASE NO.** _____<br>　　　　　(To be supplied by the Clerk)<br><br><br>**CIVIL RIGHTS COMPLAINT**<br>**BY A PRISONER**<br><br>☐ Original Complaint<br>☐ First Amended Complaint<br>☐ Second Amended Complaint |

## A. JURISDICTION

1.　This Court has jurisdiction over this action pursuant to:

　　☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

　　☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

　　☐ Other: _____ .

2.　Institution/city where violation occurred: _____ .

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
              (Position and Title)                                  (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
              (Position and Title)                                  (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
              (Position and Title)                                  (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
              (Position and Title)                                  (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count I?    ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?    ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
     ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
     ☐ Disciplinary proceedings   ☐ Property       ☐ Exercise of religion         ☐ Retaliation
     ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
          institution?                                                              ☐ Yes    ☐ No
     b.   Did you submit a request for administrative relief on Count II?            ☐ Yes    ☐ No
     c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes    ☐ No
     d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
          did not. _____
          _____.

4

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                        ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count III?         ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____ .


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                        DATE                                            SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.